UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MENDEZ, On Behalf Of Herself And All Others Similarly Situated,<br><br>                            Plaintiff,<br>v.<br>OPTIO SOLUTIONS, LLC, dba QUALIA COLLECTION SERVICES,<br>                           Defendant. | Case No.: 3:16-cv-01882 AJB (KSC)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY CASE** |

      Presently before the Court is Defendant Optio Solutions, LLC's, doing business as Qualia Collection Services, ("Defendant") motion to stay the case pending the United States Court of Appeals for the District Court of Columbia Circuit's decision in *ACA International v. Federal Communications Commission,* No. 15-1211, which is currently reviewing the Federal Communication Commission's July 10, 2015, declaratory ruling and order (the "2015 FCC Order"). (Doc. No. 21.) Defendant contends that the disputed issue for review in *ACA International*, whether the FCC correctly interpreted the definition of an "automated telephone dialing system," ("ATDS"), bears directly on the viability of Plaintiff Sarah Mendez's ("Plaintiff") claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*Id.*) Upon consideration of the parties' moving papers, the Court finds this motion suitable for determination on the papers without oral argument

1

pursuant to Local Rule 7.1.d.1. Accordingly, the motion hearing presently set for March 30, 2017, is **VACATED**. Finding the relevant considerations, including the interests of justice, do not support a stay of this matter, Defendant's motion to stay is **DENIED**.

## BACKGROUND

On July 25, 2016, Plaintiff filed a class action complaint alleging negligent and willful violations of the TCPA. (Doc. No. 1.) The complaint alleges that as early as October 2015 and without Plaintiff's prior consent, Defendant called Plaintiff on her cellular phone approximately 120 times, attempting to collect a debt. (*Id.* ¶¶ 17, 18.) Plaintiff claims that Defendant placed the unsolicited phone calls with the use of an ATDS and an artificial or prerecorded voice system, which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers. (*Id.* ¶ 20.) Plaintiff further alleges that Defendant left generic, pre-recorded voice messages on Plaintiff's voicemail, which began mid-message. (*Id.* ¶ 22.) According to Plaintiff, she never consented to receiving the unsolicited phone calls and/or revoked any alleged prior express consent. (*Id.* ¶ 25.) Plaintiff seeks to represent a nationwide class of similarly situated persons who have received unsolicited calls from Defendant via either an ATDS or an artificial or prerecorded voice system. (*Id.* ¶ 29.)

On September 2, 2016, Defendant filed a motion to dismiss for failure to state a claim, (Doc. No. 10), which the Court granted with leave to amend on the basis that Plaintiff's failure to include a redacted version of her cell phone number did not provide Defendant fair notice of her claims. (Doc. No. 17 at 6.) On December 1, 2016, Plaintiff filed her first amended complaint, (Doc. No. 18), and on December 15, 2016, Defendant answered, (Doc. No. 20). On December 16, 2016, Defendant moved to stay the matter pending a decision in *ACA International*. (Doc. No. 21.) Plaintiff opposes a stay. (Doc. No. 23.)

## LEGAL STANDARD

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and

1 litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *See Mediterranean Enters. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir. 1983); *San Diego Padres Baseball P'ship v. U.S.,* Case No. 99CV0828, 2001 WL 710601, at * 1 (S.D. Cal. May 10, 2001).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. These competing interests include the possible damage resulting from granting a stay, the hardship or inequity a party may suffer if required to go forward, and the simplifying or complicating of issues, proof, and questions of law that could result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "If there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quotation omitted). "A stay should not be granted unless it appears likely the other proceedings will be conducted within a reasonable time in relation to the urgency of the claims presented to the court." *Levya*, 593 F.2d at 864.

## DISCUSSION

The crux of Defendant's motion is based upon two key inquiries: (1) whether the FCC was authorized to interpret or modify the ATDS definition set forth by Congress, and if so, (2) whether the FCC correctly interpreted that definition. (Doc. No. 21 at 2-3.) Specifically, Defendant believes that resolution of *ACA International* will greatly impact the merits of Plaintiff's ATDS claim because the 2015 FCC Order expanded its prior ATDS definition by concluding that every predictive dialer is an ATDS, and that the term

1  "capacity" was not limited to the "present capacity" of the telephone equipment at issue. (*Id.* at 1.) Defendant contends a stay is warranted to conserve judicial resources and to avoid the hardship of conducting expensive and time-consuming discovery and motion practice. (*Id.* at 5.)

Alternatively, Plaintiff argues that a stay is inappropriate because the outcome of the *ACA International* has no bearing on Plaintiff's ATDS claim. (Doc. No. 23.) First, Plaintiff contends the 2015 FCC Order merely reiterated and reaffirmed the FCC's previous determinations regarding automatic dialing equipment. Thus, the Court is bound to uphold the FCC's prior regulatory determinations, which are consistent with the ATDS definition set forth in the 2015 FCC Order, stating that dialing equipment need not generate random or sequential numbers to constitute an ATDS. (*Id.* at 2-4.) Second, because Plaintiff alleges Defendant violated the TCPA through **_both_** the use of an ATDS and an artificial or prerecorded voice, Plaintiff's TCPA claim will stand despite the ATDS allegations. (*Id.* at 5.) Lastly, Defendant failed to establish genuine hardship because fact discovery is still necessary and postponing such process will be prejudicial to Plaintiff where "delay could result in loss of testimonial and documentary evidence." (*Id.* at 9-10.)

The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In July 2015, the FCC clarified that the "TCPA's use of 'capacity' does not exempt equipment that lacks the 'present ability' to dial randomly or sequentially," and that 'the capacity of an autodialer . . . also includes its potential functionalities." *See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015). *ACA International* represents a consolidation of various petitions that request the D.C. Circuit to vacate the 2015 FCC Order regarding the definition of ATDS. Defendant seeks a stay pending the resolution of *ACA International*. Through resolution of the pending appeal, the D.C. Circuit will address, among other things, what type of equipment constitutes an ATDS.

Upon review of the parties' arguments in support and in opposition of a stay, as well as the reasoning of other courts to address the present issue, the Court finds a stay is inappropriate. Defendant has not shown this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate. *See Landis*, 299 U.S. at 255; *Lathrop v. Uber Tech., Inc.*, No. 14-CV-5678-JST, 2016 WL 97511 at *5 (N.D. Cal. Jan. 8, 2016). First, while Defendant correctly asserts that briefing and oral arguments in the appeal are now complete, "it is ***far*** from guaranteed that a final result in *ACA International* is imminently forthcoming." *Glick v. Performant Fin. Corp.*, No. 16-CV-5461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) (emphasis added). In fact, courts in this Circuit have recently rejected this argument on the basis that whatever the outcome, appeal is likely and will further delay proceedings until a final determination is made by the U.S. Supreme Court. *See id.*; *Cabiness v. Educ. Fin. Solutions, LLC*, No. 16-CV-1109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan 17, 2017); *Lathrop*, 2016 WL 97511, at *4 ("[T]he D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision from the D.C. Circuit significantly understates both the delay a stay might engender and the concomitant prejudice to Plaintiff."). Thus, as presently considered, a stay pending *ACA International* would be of indefinite duration, which weighs against issuance of a stay.

Second, it is unclear what impact the D.C. Circuit's decision would have on the issues raised in this matter and Defendant similarly fails to articulate the same. Though *ACA International* has the potential to clarify what constitutes an ATDS, and regardless of the authoritative weight of such a clarification, Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology. *See, e.g., Glick*, 2017 WL 786293 at *2; *Lathrop*, 2016 WL 97511, at *4 ("Even if the D.C. Circuit were to modify or vacate the 2015 FCC Order, factual disputes such as whether an ATDS was used and whether [ ] recipients provided their consent, will remain here."); *Richardson v. Verde*

*Energy USA, Inc.*, No. CV 15-6325, 2016 WL 4478839, at *3 (E.D. Pa. Aug. 25, 2016) ("This action is not automatically over even if the ACA [International] outcome is favorable to the defendant. The impact the ACA decision might have on this case is limited only to the scope of the definition of an automatic telephone dialing system."); *Sliwa v. Bright House Networks, LLC,* No. 16-CV-235-FTM-29 MRM, 2016 WL 3901378, at *4-5 (M.D. Fla. July 19, 2016) ("But, even if the D.C. Circuit's decision is favorable for [the defendant] and the conclusions reached therein are binding on this Court, Plaintiff's TCPA claim will proceed."); *see also Reichman v. Poshmark, Inc.*, No. 16-CV-2359-DMS, 2017 WL 436505, at *5 (S.D. Cal. Jan. 3, 2017) ("It would be unreasonable to require Plaintiff, without the benefit of discovery, to describe the technical details of Defendant's alleged ATDS. Therefore, whether Defendant actually used an ATDS, *i.e.*, equipment with the capacity to dial numbers without human intervention, is an issue that should be decided after discovery has been conducted."). Moreover, the Court finds Defendant's argument to this point unpersuasive because Plaintiff's TCPA claims are not limited to Defendant's use of an ATDS, but ***also*** concern Defendant's use of an artificial or prerecorded voice system. *See Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013); *Silwa*, 2016 WL 3901378, at *4 ("[T]he appeal will not affect Plaintiff's contention that Bright House called him using a prerecorded or automated voice, which is an independent basis for stating a claim under the TCPA."). Thus, it is unclear whether the resolution of *ACA International* will have a direct impact on the issues before the Court, or substantially simplify the issues presented. *See Leyva*, 593 F.2d at 863-64. Even if the outcome was relevant to these proceedings and favorable to the Defendant, other issues would remain ripe for consideration, discovery, and resolution.

Lastly, Defendant does not demonstrate a hardship in moving forward with inevitable discovery and motion practice. *See Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1100-1102 (N.D. Cal. 2016); *Konopca v. Comcast Corp.*, No. CV156044, 2016 WL 1645157, at *4 (D.M.J. Apr. 26, 2016) (denying stay pending the *ACA International*

decision where "the only purported 'hardship' identified by Defendant is the possibility that the parties may engage to some extent in unnecessary discovery and/or motion practice"); *Nussbaum v. Diversified Consultants, Inc.*, No. CIV. 15-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (denying stay pending *ACA International* where the only hardship identified in the absence of a stay was unnecessary discovery and motion practice"); *Jones v. AD Astra Recovery Servs., Inc.*, No. 16-1013-JTM-GEB, 2016 WL 3145072, at *6 (D. Kan. June 6, 2016) (denying stay pending *ACA International* and finding the "potential that Defendant could engage in greater discovery, if the case is not stayed, does not constitute a 'rare circumstance' which justifies an indefinite stay."). However, the potential of prejudice to Plaintiff in delaying discovery is likely and severe. *Glick*, 2017 WL 786293 at *2; *Cabiness*, 2017 WL 167678, at *3 ("[P]assage of time will make it more difficult to reach the class members and will increase the likelihood that relevant evidence will dissipate."). Although other district courts to consider this issue have found a stay pending resolution of *ACA International* appropriate, as the Supreme Court has noted, "[o]nly in rare circumstances will a litigant in one c[a]se be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis,* 299 U.S. at 255.

For the reasons set forth above, because Defendant has failed to carry its burden of demonstrating a stay is warranted and there is more than a fair possibility Plaintiff will suffer prejudice from effecting a stay, the equities considered do not support staying this matter. Accordingly, Defendant's motion to stay is **DENIED**.

## CONCLUSION

As set forth above, Defendant's motion to stay is **DENIED**.

**IT IS SO ORDERED**.

Dated:  March 8, 2017

Hon. Anthony J. Battaglia
United States District Judge