1  **LAW OFFICES OF RONALD A. MARRON**
2  RONALD A. MARRON (SBN 175650)
   *ron@consumersadvocates.com*
3  ALEXIS WOOD (SBN 270200)
   *alexis@consumersadvocates.com*
4  KAS GALLUCCI (SBN 288709)
   *kas@consumersadvocates.com*
5  651 Arroyo Drive
6  San Diego, California 92103
   Telephone:(619) 696-9006
7  Facsimile: (619) 564-6665

8  **LAW OFFICE OF ALBERT R. LIMBERG**
9  Albert R. Limberg (SBN 211110)
   *alimberg@limberglawoffice.com*
10 3667 Voltaire Street
   San Diego, CA 92106
11 Telephone: 619-344-8667
12 Facsimile: 619-344-8657

13 *Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARAH MENDEZ, on behalf of herself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTIO SOLUTIONS, LLC, dba QUALIA COLLECTION SERVICES<br><br>Defendant. | CASE NO. 3:16-cv-01882-AJB-KSC<br><br>CLASS ACTION<br><br>**DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT AND REQUEST PURSUANT TO FED. R. CIV. P. 56(d) TO DENY OR DEFER DEFENDANT'S SUMMARY JUDGMENT** |

I, Kas L. Gallucci, declare:

1. I am a member in good standing of the State Bar of California, and the United States District Court for the Southern District of California. I, along with my co-counsel, represent Plaintiff Sarah Mendez ("Plaintiff") in the above-captioned action. I have personal knowledge of the facts stated herein, and if called to do so, I could and would testify competently thereto. I make this Declaration in support of the Plaintiff's Motion Opposition to Summary Judgment and Request Pursuant to Fed. R. Civ. P. 56(d) To Deny or Defer Defendant's Summary Judgment.

2. On March 28, 2017, I met and conferred with counsel for Defendant regarding Defendant's position that the system Defendant's utilized to call Plaintiff was not an automatic telephone dialing system ("ATDS"). During the conference I advised the self-serving declaration provided by Defendant was not sufficient for Plaintiff to dismiss the case as Plaintiff would need to conduct discovery on Defendant's dialing system first and any summary judgment would be premature as discovery had yet to open. Thereafter, I sent an email to counsel for Defendant requesting that Defendant, at a minimum, informally produce "manuals and training guides on the dialers, functionality, policies and procedures relating to collection, and all information relative to the calls placed to Plaintiff." Attached hereto as **Exhibit 1** is a true and correct copy of my email to counsel dated April 5, 2017. Plaintiff never received a response from Defendant and no informal discovery was produced.

3. On May 16, 2017, I attended a telephonic Early Neutral Evaluation ("ENE") Conference on behalf of my client, Ms. Mendez. During the ENE Conference counsel for Defendant advised that Defendant intended to file the instant Motion for Summary Judgment. Again, I advised that discovery had yet to commence and a Summary Judgment would be premature considering Plaintiff had not had the opportunity to take discovery on, among all other issues, Defendant's dialing system.

1

*Mendez v. Optio Solutions, LLC, dba Qualia Collection Services*, No. 16-cv-1882
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d) TO DENY OR DEFER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4. On May 22, 2017, I requested that counsel for Defendant participate in a Rule 26(f) conference.

5. On May 30, 2017, counsel for Defendant's counsel and I conferred telephonically pursuant to Rule 26(f), thus formally opening discovery. This was the first date Defendant's counsel was available to conduct the conference.

6. On May 31, 2017, my office served Plaintiff's First Set of Interrogatories to Defendant as well as Plaintiff's First Set of Request for Production of Documents. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's First Set of Interrogatories to Defendant. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's First Set of Request for Production of Documents.

7. On June 1, 2016, I issued a Subpoena to Produce Document to Ontario Systems, LLC ("Ontario Systems"). Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiff's Subpoena to Produce Document issued to Ontario Systems, LLC.

8. Written discovery to Defendant essential to oppose Defendant's Motion for Summary Judgment includes the following requests:

> **INTERROGATORY NO. 8**
> IDENTIFY and DESCRIBE all TELEPHONE DIALING EQUIPMENT used during the RELEVANT TIME PERIOD to make PHONE CALLS to PLAINTIFF and any other CALL RECIPIENT.
>
> **INTERROGATORY NO. 10**
> IDENTIFY any vendors or third parties used during the RELEVANT TIME PERIOD to interact with internal phone systems or external telecommunication networks, including but not limited to any individual or company that provides outbound dialing services on YOUR behalf.

*See* **Exhibit 2**.

> **REQUEST FOR PRODUCTION NO. 11**
> DOCUMENTS and ESI sufficient to IDENTIFY the TELEPHONE DIALING

2

*Mendez v. Optio Solutions, LLC, dba Qualia Collection Services*, No. 16-cv-1882
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d) TO DENY OR DEFER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to make PHONE CALLS to PLAINTIFF and CALL RECIPIENTS during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 12**
DOCUMENTS and ESI sufficient to IDENTIFY the technological capability and capacity of the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to make PHONE CALLS to PLAINTIFF and CALL RECIPIENTS during the RELEVANT TIME PERIOD.

**REQUEST FOR PRODUCTION NO. 13**
All training guides or manuals whereby YOU train YOUR employees and/or agents to use the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to make PHONE CALLS to PLAINTIFF and CALL RECIPIENTS during the RELEVANT TIME PERIOD.

*See* **Exhibit 3**.

9. Plaintiff has also requested certain information regarding Ontario Systems as well as documents regarding Defendant's use of a prerecorded voice messages.

**REQUEST FOR PRODUCTION NO. 25**
All DOCUMENTS and ESI exchanged between YOU and Ontario Systems, including but not limited to operating manuals, user guides, technical manuals, marketing materials, sales agreements, set up instructions, and call data.

**REQUEST FOR PRODUCTION NO. 26**
All DOCUMENTS and ESI RELATING TO prerecorded voice messages used by YOU in placing the PHONE CALLS, including exemplars and scripts.

*See* **Exhibit 3**.

10. Only after service of substantive responses to discovery will Plaintiff be prepared to take the deposition of Mr. Miller as well as Defendant's Fed. R. Civ. P. 30(b)(6) witness(es). During these depositions Plaintiff will have the opportunity to cross-examine Mr. Miller on his declaration used in support of Defendant's Motion for Summary Judgment as well as inquire further into Defendant's dialing system and how

3

*Mendez v. Optio Solutions, LLC, dba Qualia Collection Services*, No. 16-cv-1882
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d) TO DENY OR DEFER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

it is utilized. For example, (1) the equipment's ability to store and dial numbers, (2) the equipment's ability to load a preprogramed list of numbers, (3) how the PBX systems works with collection software and other dialing equipment, (4) processes used to dial numbers stored in Defendant's database, (5) ability to leave artificial or prerecorded voice messages, (6) predictive modes utilized for dialing any number, and (7) the circumstances which prompted the 147 calls by Defendant which were made to the Plaintiff.

11. Plaintiff also needs pointed discovery regarding Defendant's use of Ontario Systems autodialing platform as, despite no mention of the platform throughout Mr. Miller's declaration, Defendant's website indicates that Ontario Systems autodialing platform "allows Optio to optimize business-rule automations" in making the calls to consumers. Attached hereto as **Exhibit 4** is a true and correct copy of a subpoena issued to Ontario Systems dated June 1, 2017. The Subpoena requests information related to Ontario Systems and Defendant as well as any dialing equipment of Ontario Systems utilized by Defendant. Attached hereto as **Exhibit 5** is a true and correct copy of a screenshot from Defendant's website at http://www.optiosolutions.com/optio-advantage-2/security-and-technology/ (last visited on June 7, 2017).

12. Defendant also asserts on its website that it "employs advanced hosted dialer technologies, skip-tracing and interactive voice response technology (IVR)" to make those calls. *See* **Exhibit 5**.

13. Another point of ATDS focused discovery necessary to defeat Defendant's Motion for Summary Judgment relates Defendant's registration of its dialing equipment with Texas in order to obtain a permit to use an "Automatic Dial Announcing Device"

4

("ADAD")[1] in that state. Plaintiff would like to ask specific questions regarding this registration in a deposition of Defendant's Rule 30(b)(6) witness. A true and correct copy of two of Defendant's ADAD registrations from February 17, 2015 and March 2, 2016 and a permit renewal are attached hereto as **Exhibit 6**.

14. After receipt of the discovery described herein regarding Defendant's dialing system(s), I believe that Plaintiff is likely to establish facts which will support Plaintiff's position that an ATDS was utilized to place calls to the Plaintiff and/or prerecorded voice messages were utilized. These facts are thus, necessary in order for Plaintiff's to oppose Defendant's Motion for Summary Judgment.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of June, 2017 in San Diego, California.

s/ Kas L. Gallucci
KAS L. GALLUCCI
Law Offices of Ronald A. Marron

---

[1] "ADAD stands for Automatic Dial Announcing Device, and this the mechanism that sends an unsolicited recorded message to your home or workplace and could leave such a message on your answering machine." *See* **Exhibit 7**.

5
*Mendez v. Optio Solutions, LLC, dba Qualia Collection Services*, No. 16-cv-1882
DECLARATION OF KAS L. GALLUCCI IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO FED. R. CIV. P. 56(d) TO DENY OR DEFER DEFENDANT'S MOTION FOR SUMMARY JUDGMENT