UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MENDEZ, On Behalf Of Herself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OPTIO SOLUTIONS, LLC dba QUALIA COLLECTION SERVICES,<br><br>Defendant. | Case No.: 16-CV-1882-AJB-KSC<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 29); AND**<br><br>**(2) GRANTING PLAINTIFF'S RULE 56(d) REQUEST, (Doc. No. 36)** |

Presently before the Court is Defendant Optio Solutions, LLC's ("Optio") motion for summary judgment. (Doc. No. 29.) Plaintiff Sarah Mendez ("Mendez") opposes the motion. (Doc. No. 36.) In conjunction with her opposition, Mendez asks the Court to compel discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (*Id.* at 21–33.)[1] Having reviewed the parties' moving papers in light of controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matters suitable for decision

---

[1] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of the page.

without oral argument. Accordingly, the hearing date currently set for ***August 24, 2017, at 2:00 p.m. in Courtroom 4A*** is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** Mendez's Rule 56(d) request and **DENIES** Optio's summary judgment motion **WITHOUT PREJUDICE**. The parties are **ORDERED** to contact Magistrate Judge Crawford to coordinate expedited discovery on the issues raised in Optio's motion for summary judgment and to set a deadline by which Optio may renew its motion should it choose to do so. Judge Crawford may set all other dates she feels appropriate at this time.

## BACKGROUND

Mendez alleges in her complaint that Optio, starting in or around October 2015, made "at least 120 unsolicited phone calls" to her cellular phone in an attempt to collect a debt. (Doc. No. 18 ¶¶ 17–19.) Mendez alleges that the calls were placed "via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), and by using "an artificial or prerecorded voice system" as prohibited by 47 U.S.C. § 227(b)(1)(A)." (*Id.* ¶ 20.) Furthermore, Mendez alleges that Optio's system had the capacity to produce or store numbers randomly or sequentially, and to dial those numbers to place calls to Mendez's cellular phone. (*Id.*) As support for her claims, Mendez cites the volume of calls and prerecorded voice messages that were "generic in nature and began in the middle of the messages," as evidence that Optio used an ATDS. (*Id.* ¶¶ 21–22.) Mendez alleges that the calls were without her consent and that she incurred a charge for each call placed, a violation of 47 U.S.C. § 227(b)(1). (*Id.* ¶¶ 23–26.)

Mendez seeks to represent a class of persons who she alleges "have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct." (*Id.* ¶ 36.) Through her complaint, Mendez alleges multiple violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*, and seeks statutory and injunctive relief. (*Id.* ¶¶ 40–56.)

On March 22, 2017, Magistrate Judge Karen S. Crawford issued an order setting an early neutral evaluation ("ENE") for May 16, 2017. (Doc. No. 26.) Prior to the ENE, on March 28, 2017, counsel for Mendez and Optio met and conferred, at which time counsel

for Optio stated that the system used to call Mendez did not meet the definition of an ATDS. (Doc. No. 36-1 ¶ 2.) Counsel for Mendez communicated that discovery on Optio's phone system would be necessary to respond to its defense and that any motion for summary judgment at this stage would be premature. (*Id.*) Following this meeting, counsel for Mendez sent an email requesting "manuals and training guides on the dialers, functionality, policies and procedures relating to collection, and all information relative to the calls placed to Plaintiff[.]" (Doc. No. 36-3 at 2.) This request was not acknowledged and no informal discovery took place. (Doc. No. 36-1 ¶ 2.)

On May 16, 2017, Magistrate Judge Crawford conducted the ENE, during which counsel for Optio stated that they intended to file a motion for summary judgment, and counsel for Mendez advised that such a motion would be premature because discovery had not yet commenced. (Doc. No. 36-1 ¶ 3.) The day after the ENE, Optio filed the instant motion for summary judgment. (Doc. No. 29.) Mendez opposed the motion, and Optio replied. (Doc. Nos. 36, 37.) In her opposition, Mendez requests relief under Rule 56(d) of the Federal Rules of Civil Procedure[2] to obtain discovery to properly respond to the summary judgment motion. (Doc. No. 36 at 21–33.) This order follows.

## LEGAL STANDARD

Rule 56(d) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003). "The general principle of Rule [56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price ex rel. Price v. W. Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986)). The requesting party must show that "(1) it has set forth in affidavit form the specific facts

---

[2] All references to "Rules" are to the Federal Rules of Civil Procedure.

it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). District courts should grant a Rule 56(d) motion "fairly freely" where a summary judgment motion is filed before a party has had a realistic opportunity to pursue discovery relevant to its theory of the case. *Burlington*, 323 F.3d at 773. The Court has the discretion to either deny or continue a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).

## DISCUSSION

Mendez contends that she cannot adequately respond to Optio's summary judgment motion without discovery relating to Optio's "'custom-built' dialing system." (Doc. No. 36 at 28.) Specifically, Mendez argues she needs to complete discovery (1) to identify all telephone dialing system equipment used to make calls, (*see* Doc. Nos. 36-4, 36-5); (2) on information exchanged between Optio and Ontario Systems, an autodialing platform service provider, (*see* Doc. No. 36-7); (3) to conduct a deposition of Shane Miller, Optio's Vice President of Information Services, whose declaration is integral to Optio's summary judgment motion, (*see* Doc. No. 36-1 ¶ 10); (4) on Optio's registration of its dialing equipment with the state of Texas to obtain a permit to use an "Automatic Dial Announcing Device" in the state, (*see* Doc. Nos. 36-8, 36-9); and (5) on Optio's prerecorded voice message, (*see* Doc. No. 36-1 ¶ 9). (*See also* Doc. No. 36 at 29–32.)

Having reviewed the parties' submissions, the Court finds Mendez has set forth facts she hopes to elicit and shown that those facts exist and are essential to her opposition to Optio's summary judgment motion. *See Family Home & Fin. Ctr., Inc.*, 525 F.3d at 827. Moreover, given this case's procedural posture, particularly in light of a scheduling order having not yet been issued, the Court finds Optio's motion, while technically complying with Rule 56, is premature in this case. *See Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) ("summary judgment is disfavored where relevant evidence remains to be

discovered"). Accordingly, the Court **GRANTS** Mendez's Rule 56(d) request and **DENIES WITHOUT PREJUDICE** Optio's summary judgment motion. *See In re Apple iPod iTunes Anti-Trust Litigation*, Nos. C 05–00037 JW, C 07–06507 JW, 2010 WL 2629907, at *10 (N.D. Cal. June 29, 2010) (granting plaintiff's Rule 56(f) motion for additional discovery and denying defendant's motion for summary judgment as premature).[3]

## CONCLUSION

Based on the foregoing, the Court, in its discretion, **GRANTS** Mendez's Rule 56(d) request and **DENIES WITHOUT PREJUDICE** Optio's motion for summary judgment. The parties are **DIRECTED** to contact the chambers of Magistrate Judge Crawford to conduct expedited discovery in preparation for the issues in Optio's motion for summary judgment. The magistrate judge will issue a scheduling order concerning expedited discovery and a deadline for a renewed summary judgment motion should Optio choose to bring one. As noted, above, Judge Crawford may set all other dates she feels appropriate at this time.

**IT IS SO ORDERED.**

Dated: August 3, 2017

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Rule 56(d) is "substantively the same" as former Rule 56(f). *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).